**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demir Zoroglu and Tuzin G. Zoroglu, Husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank, N.A.; First American Title Insurance Company,<br><br>Defendants. | No. CV12-156-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for a Temporary Restraining Order ("TRO") with Notice and Motion for Preliminary Injunction. (Doc. 1-1, Ex. 5). For the reasons stated below, the Motion is denied.[1]

## BACKGROUND

On March 30, 2007, Defendant Wells Fargo Bank recorded a Deed of Trust encumbering Plaintiffs' property, located at 10563 East Skinner Drive, Scottsdale, Arizona ("the Property"). (Doc. 1-1, Ex. 1 ¶¶ 5–6). Plaintiffs allege that Defendant "failed to verify that Plaintiffs had the ability to repay the credit extended" in exchange for the encumbrance. (*Id.* ¶ 7). Because it did not verify that Plaintiffs could pay back the loan, according to the

---

[1] No hearing will be held on the motion because oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

complaint, Defendant "failed to use proper due diligence in underwriting the loan secured by the Deed of Trust." (*Id.* ¶ 12). In January of 2010, Defendant Wells Fargo transferred its interest in the Deed of Trust to First American Loanstar Trustee Services, LLC. (*Id.* ¶ 14). Defendant First American Title Company ("First American") recorded a Notice of Trustee Sale, and the Property is scheduled to be sold under the Deed of Trust on February 6, 2012 at 12:00 pm.

Plaintiffs sue under Arizona's Uniform Declaratory Judgments Act, which states that "[a]ny person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." Ariz. Rev. Stat. ("A.R.S.") § 12-1832. (2003). They claim that they are entitled to a judicial determination "as to whether the preparation and execution of the Notice of Sale by FATCO precludes FATCO from completing the trustee's sale of the Property as noticed in the Notice of Sale." (Doc. 1-1, Ex. 1 ¶ 24). Plaintiffs seek a TRO to prevent the sale from going forward.

**BACKGROUND**

**1.     Legal Standard**

A plaintiff must establish four elements in order to be granted a preliminary injunction, including "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat't Res. Def. Council,* 55 U.S. 7, 22 (2008), *see* FED. R. CIV. P. 65. (emphasis in original). The Ninth Circuit considers three of these four elements using a "sliding scale" approach, where " the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The element of irreparable injury, however, is not subject to balance; the moving party must "demonstrate that irreparable injury is *likely* in the absence

of an injunction." *Winter*, 55 U.S. at 23 (emphasis in original). Should the moving party demonstrate a very high likelihood of injury, the likelihood of success on the merits may be relaxed. In such cases, an injunction may be granted when "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Wild Rockies*, 632 F.3d at 1134–35, quoting *The Lands Council v. McNair*, 57 F.3d 981, 987 (9th Cir. 2008).

"For the purposes of injunctive relief, 'serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. Serious question are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952) (Frank, J.)). "Serious questions need not promise a certainty for success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Id.* (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)); *see Bernhardt v. L.A. County*, 339 F.3d 920, 926–27 (9th Cir. 2003) (citing *Republic of the Philippines*, 862 F.2d at 1362).

**2. Analysis**

Plaintiffs have alleged that if the sale goes forward, they will lose their home, and loss of property unquestionably qualifies as "irreparable harm." *Fromkin v. Indymac Bank FSB*, 2010 WL 2541167, *4 (D. Ariz. June 18, 2010). Plaintiffs' claim on the merits is that Defendant Wells Fargo did not properly determine whether they would be able to pay back the money that it lent them, and that First American cannot sell their house under the Deed of Trust because of undisclosed errors with the preparation and execution of the notice of sale. They cite no law in support of the proposition that either of these facts would void the sale. They do not allege that they have met their loan obligations; they do not allege that either Defendant violated the terms of the loan or any subsequent modification; they do not allege

any sort of fraud or misrepresentation by either Defendant. Plaintiffs have sent a Qualified Request Letter to Wells Fargo and state that once Wells Fargo returns the requested documents, those documents "will conclusively show that Wells Fargo failed to determine that Plaintiffs could reasonably be able to repay the loan from resources other than the Property." (Doc. 1-1, Ex. 5 at 4). They offer no reason that they believe the documents will offer such proof, and no legal argument that such proof, if offered, would serve to void the trustee's sale.

Under the Declaratory Judgment Act, Plaintiffs may be entitled to a "declaration of rights, status or other legal relations." A.R.S. § 12-1832. They are not, however, entitled to a TRO without raising "serious questions" as to the merits of their claim. Plaintiffs' bare allegations fail to raise questions that are "substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Marcos*, 862 F.2d at 1362. Their application for a TRO is therefore denied.

## CONCLUSION

Plaintiffs have alleged that irreparable harm would result from the sale of their home but have not raised serious questions as to the merits, and therefore their motion for a TRO is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs Application for a Temporary Restraining Order (Doc. 1-1, Ex. 5) is **denied**.

DATED this 25th day of January, 2012.

*A. Murray Snow*

G. Murray Snow
United States District Judge

- 4 -