**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demir Zoroglu and Tuzin G. Zoroglu, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank, NA; First American Title Insurance Company,<br><br>    Defendants. | No. CV-12-156-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Reconsideration. (Doc. 9). For the reasons set forth below, Defendants are asked to file a response.

**BACKGROUND**

The facts in this matter are set forth in the Court's previous order denying a Temporary Restraining Order ("TRO"). (Doc. 7). Plaintiffs ask for reconsideration of that order based upon their claim that Wells Fargo appointed First American Loanstar Trustee Services, LLC, as a successor trustee in January of 2010, and that First American Title Company had no power to notice a trustee sale in November of 2011, since it was no longer the trustee. (Doc. 9).

**DISCUSSION**

**1.**    **Legal Standard**

Under Rule 59(e), a motion for reconsideration may be granted only on one of four

grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

**2. Analysis**

Although Plaintiffs' argument regarding the substitution of trustee is presented in the complaint, it is discussed only in a cursory fashion in their TRO motion, which includes the sentence "Wells Fargo and FATCO have not satisfied the statutorily required conditions precedent to a lawful trustee sale." (Doc. 1-1, Ex. 5 at 5). Such a statement does nothing to reference the argument, let alone establish any likelihood of raising serious issues as to the merits of Plaintiff's claim. Nevertheless, out of an abundance of caution, the Court asks Defendants to respond to the motion. Defendants' response will be directed solely to the issue of whether First American Title Company had the power to notice a trustee's sale of the property.

Defendants shall have three business days to respond. Previously, Defendant Wells Fargo requested that their deadline to respond be extended to February 6, 2012, the scheduled date of the trustee's sale. Defendant Wells Fargo, in making that motion, wrote that it "agrees to voluntarily continue the Trustee's Sale for a period of no less than thirty (30) days." (Doc. 6). Should Wells Fargo agree to continue the trustee's sale voluntarily for thirty days, Defendants may have until February 6, 2012 to respond to Plaintiffs' Motion for Reconsideration.

**IT IS THEREFORE ORDERED** that Defendants shall file a response to Plaintiffs' Motion for Reconsideration (Doc. 9) on or before **Tuesday, January 31, 2012**.

**IT IS FURTHER ORDERED** that should Defendant Wells Fargo agree to continue the trustee's sale voluntarily and file notice of such, Defendants shall have, to and including, **February 6, 2012** to file a response.

DATED this 26th day of January, 2012.

G. Murray Snow
United States District Judge